UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melanie Kelley, | ) C/A No.: 4:08-3375-RBH-TER |
|                  Plaintiff, | ) |
| vs. | ) |
| VA Affairs, Hartsville;<br>VA Affairs, Darlington;<br>VA Affairs, Florence;<br>VA Affairs, Columbia;<br>U.S. Army;<br>Social Security Administration, Florence;<br>DSS Office, Hartsville;<br>U.S. Postal Service, Hartsville, | ) **Report and Recommendation** |
|                  Defendants. | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can

be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, a court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Background

In Plaintiff's originally filed complaint, the "Statement of Claim/Facts of the Case" stated the following, verbatim:

> Fact 1  Under 38 USC 5701, I have a right to submit information to the VA and US Army in confidence and asurance that information remains Private under the Privacy Act.
>
> Fact 2 Fair Housing Act 28 § 1862 et seq, I have a right to apply for loans, etc. . without being discriminated against.
>
> Fact 3 Under Negligence, wrongful acts, of members claims against US 28 § 2671 et seq. I have a right to assert an action against the person(s) or company that they work for
>
> Fact 4 Compensation under both 28 § 373, 28 § 2415
>
> Fact 5 I have a right to my money due to me in accordance with the provisions of Title 11.  That means placing a lien or siezure of a portion or all of the defendants Revenues under Chapter 56 title 12 of the SC Code of Laws.

The "statement of claim" section of Plaintiff's original complaint cited to various federal statutes, but provided no factual information pertaining to the named Defendants.  Therefore, an Order, directing Plaintiff to bring the case into proper form for possible service of process by providing additional supporting facts, was issued on October 10, 2008.  The Order also directed Plaintiff to complete the "Relief" section of the complaint, and to provide complete service addresses for several Defendants.  Plaintiff complied with the Court's Order by submitting an amended complaint and the requested service addresses/documents.

In addition to Plaintiff's original "statement of claim" quoted above, Plaintiff's amended complaint provided the following facts, verbatim:

> VA (veterans affairs) Affairs of Hartsville, Darlington, Florence, & Columbia has allowed medical records of the plaintiff to be misused.  US Army has additional medical information that was not received when plaintiff requested medical records in 2007 at Hartsville VA affairs office.  Plaintiff requested name change and new social security card at Social Security Administration in 2005. DSS (Dept. of Social Services) Office cancelled Medicaid card in 2007.  Plaintiff mail has been open or tampered with on different occasions (Hartsville US Postal Service).

*See* Plaintiff's amended complaint, page 4, Section III, "Statement of Claim." Plaintiff also indicated, in the "Relief" section of the amended complaint, that she sought monetary damages for "tampering with plaintiff's mail," discrimination, and violation of the Privacy Act.

Discussion

Plaintiff cites several federal statutes in her complaint to include the Fair Housing Act, Title VII, and 38 U.S.C. § 5701, which deals with the confidential nature of Veterans' claims. However, despite being given an opportunity to amend the complaint, Plaintiff provides insufficient facts to support a claim for relief under any of the cited federal statutes. The complaint also uses the term discrimination in the amended complaint's "Relief" section, which could be construed as a 42 U.S.C. § 1983/*Bivens* claim alleging violations of Plaintiff's constitutional rights by state or federal actors.[1] Again, the complaint in this case makes insufficient factual allegations against the Defendants to state a claim under § 1983/*Bivens*.

As indicated above, Plaintiff's original "statement of claim" merely cited various federal statutes and stated that Plaintiff enjoyed various rights under federal law. Plaintiff's amended "statement of claim" likewise makes blanket allegations against various state and federal agencies,[2]

---

[1] A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights.

[2] Although it is unclear exactly which federal statute(s) Plaintiff may be attempting to invoke, it is noted that Plaintiff's claims against the named state and federal agencies may be barred by Eleventh Amendment immunity or Sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974)(suit may be barred by the Eleventh Amendment if the plaintiff, a private party, seeks to recovery money from the state's public funds); *Radin v. U.S.*, 699 F.2d 681, 685 (4th Cir. 1983)(claim for damages against a federal agency barred by sovereign immunity unless Congress has expressly

but provides almost no factual information to support such claims. Although the Court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While Plaintiff is not required to plead facts sufficient to prove her case as an evidentiary matter in the complaint, she must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As the complaint fails to state a claim upon which relief may be granted, it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Finally, to the extent Plaintiff may be attempting to bring an action based on this Court's diversity jurisdiction, the claim must also fail. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). This Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because, according to the information provided with the complaint and amended complaint, Plaintiff is a South Carolina resident and several of the Defendants have South Carolina service addresses. In absence of diversity of citizenship, the amount in controversy is irrelevant. Therefore, Plaintiff's complaint is subject to summary dismissal.

---

or impliedly consented to suit).

<u>Recommendation</u>

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

                                      s/Thomas E. Rogers, III
                                      Thomas E. Rogers, III.
                                      United States Magistrate Judge

November 18, 2008
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).